## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **CRYSTAL ANDERSON,** ) | **CIVIL ACTION NO.: 20-CV-2166** |
| **Plaintiff,** ) | |
| **v.** ) | **COMPLAINT** |
| **LEXISNEXIS RISK SOLUTIONS, INC.,** ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer, Crystal Anderson, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.     Plaintiff Crystal Anderson is an adult individual residing in Milaca, MN.

5.     Defendant, LexisNexis Risk Solutions, Inc. ("LNRS"), is a consumer reporting agency which regularly conducts business in the District of Minnesota, and which has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## FACTUAL ALLEGATIONS

6.    Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least January 2019 through present. The inaccurate information includes numerous derogatory remarks, including, but not limited to, an outstanding civil judgment, as well as personal identifying information.

7.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts, tradelines or public records that do not belong to the Plaintiff and that actually belong to another consumer. Due to the Defendant's faulty procedures, Defendant has mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

8.    Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least January 2019 through the present.

9.    Plaintiff has disputed the inaccurate information with Defendant by following Defendant's established procedures for disputing consumer credit information,

and notified Defendant that the inaccurate information was not hers, and instead, associated with another consumer.

10.   Plaintiff has disputed the inaccurate information with Defendant from January 2019 through the present.

11.   Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Defendant has repeatedly published and disseminated consumer reports to such third parties from at least January 2019 through the present, and even after Plaintiff disputed the inaccurate information with Defendant.

12.   Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) accessed the actual public records that are the basis for the inaccurate information.

13.   Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

3

14.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

15.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

16.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLAIMS

## COUNT ONE

### Violations of the Fair Credit Reporting Act – 15 U.S.C. § 1681 et seq.

17.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18.     At all times pertinent hereto, LNRS was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19.     At all times pertinent hereto, LNRS was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

23.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

24.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;
(b)     Statutory damages;
(c)     Punitive damages;
(d)     Costs and reasonable attorney's fees; and
(e)     Such other and further relief as may be necessary, just and proper.

5

Dated this 15th day of October, 2020.

By: _s/Thomas J. Lyons Jr._
Thomas J. Lyons Jr. Esq.
Attorney I.D. # 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN 55127
T: 651-770-9707
F: 651-704-0907
tommy@consumerjusticecenter.com

Joseph L. Gentilcore, Esq.
*(Application for Admission*
*Pro Hac Vice Forthcoming)*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
jgentilcore@consumerlawfirm.com

*Attorneys for Plaintiff*